### EVA CLAY PREWITT *v.* JOHN T. PREWITT.

[Abstract Kentucky Law Reporter, Vol. 6—513.]

**Construction of Will.**

> Where a testator directed that his estate be invested in real estate for the benefit of his children and by one clause provided that the real estate thus purchased "was to be held and enjoyed by his children during life and then descend to his grandchildren" and then prohibited any re-sale or re-investment, he does not limit the estate as to its extent or duration beyond the lines of his own children. Their estate was for life with remainder to the grandchildren. Where one child died leaving a child surviving, such grandchild took the absolute estate in remainder and such estate might be sold and conveyed.

### APPEAL FROM CLARK CIRCUIT COURT.

January 15, 1885.

OPINION BY JUDGE PRYOR:

James R. Wilson by his last will directed that the proceeds of his estate be invested in real property for the benefit of his children and by the third clause of the will the realty in which this money was to be invested "was to be held and enjoyed by his children during life and then descend to his grandchildren." He had no purpose or design of limiting the estate as to its extent or duration beyond the lives of his own children. It was an estate for life in his children with remainder to their children. Nor did the testator

by his codicil prohibiting a re-sale or re-investment after the money had once been invested intend that it should apply to those who came to the possession and enjoyment of the land in which this money had been invested after the death of the life tenant.  The executors were to invest this money in land in certain counties for the testator's children; they were to enjoy it for life, and after them their children, but if no children to take, then to pass as directed by the will.  "Having invested the money for my children you shall not again invest it."  They did invest it for his daughter who married John F. Prewitt.  She had a life estate, and having given birth to a child, Eva Clay Prewitt, this child at the death of the mother took the absolute estate in remainder and the chancellor did not violate any provision of the will in ordering a sale for the purpose of re-investment.  The power to invest under the will had been exhausted when the investment was made for the life tenant, but at the death of Eva's mother, there is no limitation or restriction upon the estate passing to the daughter.  If she was of age she could sell and pass the fee, and a case having been presented by the record showing the necessity for a sale and re-investment it was proper for the chancellor to order a sale.  The judgment is therefore *affirmed.*

*J. F. Winn, for appellant.*

*W. M. Beckner, Haggard & Benton, for appellee.*